**NO. 2011-72719**



| MANH HOANG and | § | IN THE DISTRICT COURT |
| DUNG LE | § | |
|     Plaintiffs | § | |
| vs. | § | |
| | § | |
| PHAP V. NGUYEN, ANDY NGO and | § | 55TH JUDICIAL DISTRICT |
| DUNG T. VU | § | |
|     Defendants | § | HARRIS COUNTY, TEXAS |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/28/2015 5:33:36 PM
CHRISTOPHER A. PRINE
Clerk

**CHARGE OF THE COURT**

Members of the Jury:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## Definitions & Instructions

As used in this Charge, the following words have the following meanings:

1. "Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

2. "Hoang" means Plaintiff Manh Hoang.

3. "Le" means Plaintiff Dung Le.

4. "Nguyen" means Defendant Phap V. Nguyen.

5. "Ngo" means Defendant Andy Ngo.

6. "Vu" means Defendant Dung T. Vu.

7. "Chicken Farm Business" means any part of the chicken farming operations which have been the subject matter of this litigation.

## Question No. 1

Did any of the parties listed below agree with Hoang that Hoang would have a 25% interest in the Chicken Farm Business?

> In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties unexpressed thoughts or intentions.

Answer "Yes" or "No."

a) Phap V. Nguyen: __yes__

b) Andy Ngo: __yes__

c) Dung T. Vu: __yes__

If you have answered "Yes" for either of the parties listed in Question No. 1, then answer the following question as to that party. Otherwise, do not answer the following question.

## Question No. 2

Did either of the parties listed below fail to comply with the agreement with Hoang?

Answer "Yes" or "No."

a) Phap V. Nguyen:     yes

b) Andy Ngo:     yes

c) Dung T. Vu:     yes

If you have answered "Yes" to Question No. 2 as to any person then answer the following question. Otherwise, do not answer the following question.

## Question No. 3

What sum of money, if any, if paid now in cash would fairly and reasonably compensate Hoang for his damages, if any, that resulted from the failure to comply with the parties' agreement?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount of interest on damages, if any.

Consider the following elements of damages, if any, and none other.

a) The proceeds from the Chicken Farm Business owed to Hoang.

Answer in dollars and cents, if any:

Answer:      $ 93,109.75

## Question No. 4

Did any of the parties listed below agree with Le that Le would have 15.6% interest in the Chicken Farm Business?

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties unexpressed thoughts or intentions.

Answer "Yes" or "No."

     a) Phap V. Nguyen:      yes

     b) Andy Ngo:      yes

     c) Dung T. Vu:      yes

If you have answered "Yes" for either of the parties listed in Question No. 4, then answer the following question as to that party. Otherwise, do not answer the following question.

## Question No. 5

Did either of the parties listed below fail to comply with the agreement with Le?

Answer "Yes" or "No."

     a)  Phap V. Nguyen:     Yes

     b)  Andy Ngo:     yes

     c)  Dung T. Vu:     yes

If you have answered "Yes" to Question No. 5, then answer the following question. Otherwise, do not answer the following question.

## Question No. 6

What sum of money, if any, if paid now in cash would fairly and reasonably compensate Hoang for his damages, if any, that resulted from the failure to comply with the parties' agreement?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount of interest on damages, if any.

Consider the following elements of damages, if any, and none other.

      (a) The proceeds from the Chicken Farm Business owed to Le.

Answer in dollars and cents, if any:

      Answer:    $ 72,170.48

## Question No. 7

Did the parties and Hoang create a partnership?

A "partnership" is an association of two or more persons to carry on a business for profit as owners, regardless of whether the persons intend to create a partnership or the association is called a "partnership," "joint venture," or other name.

Factors indicating that persons have created a partnership include the persons':

1) receipt or right to receive a share of profits of the business;

2) expression of an intent to be partners in the business;

3) participation or right to participate in control of the business;

4) agreement to share or sharing losses of the business or liability for claims by third

parties against the business; and

5) agreement to contribute or contributing money or property to the business.

Answer "Yes" or "No."

a) Phap V. Nguyen:     _yes_

b) Andy Ngo:     _yes_

c) Dung T. Vu:     _yes_

If you answered "Yes" to Question No. 7, then answer the following question. Otherwise, do not answer the following question.

## Question No. 8

Did the any party listed below fail to comply with one or more of the following duties as to Hoang?

Duty of loyalty. A partner's duty of loyalty includes:

a) accounting to and holding for the partnership all property profit, or benefits derived by the partner in conducting and winding up the partnership business or from use by the partner of partnership property.

b) refraining from dealing with the partnership on behalf of a person who has an interest adverse to the partnership; and

c) refraining from competing or dealing with the partnership on behalf of a person who has an interest adverse to the partnership

Duty of care. A partner's duty of care to the partnership and the other partners is to act in the conducting and winding up of the partnership business with the care that an ordinary prudent person would exercise in similar circumstances. An error in judgment does not by itself constitute a breach of the duty of care.

Duty of utmost good faith, fairness and honesty. Partners owe a duty of utmost good faith, fairness, and honesty in dealings with each other on matters pertaining to the enterprise.

Duty to disclose. Partners owe each other a duty of full disclosure of all matters affecting the partnership.

Answer "Yes" or "No."

a) Phap V. Nguyen: _yes_

b) Andy Ngo: _yes_

c) Dung T. Vu: _yes_

If you answered "Yes" to any party in Question No. 8 then answer the following question. Otherwise, do not answer the following question.

## Question No. 9

What sum of money, if any, if paid now in cash would fairly and reasonably compensate Hoang for his damages, if any, that resulted from the party or parties' breach of duty?

Answer in dollars and cents, if any.

Answer: $ 212,208.00

## Question No. 10

Did a relationship of trust and confidence exist between the parties below and Hoang?

A relationship of trust and confidence existed if Hoang justifiably placed trust and confidence in any of the parties below to act in Hoang's best interest. Hoang's subjective trust and feelings alone do not justify transforming arm's-length dealings into a relationship of trust and confidence.

Answer "Yes" or "No."

a)  Phap V. Nguyen:    _yes_

b)  Andy Ngo:    _yes_

c)  Dung T. Vu:    _yes_

If you answered "Yes" to either Question No. 7 or Question No. 10, then answer the following question. Otherwise, do not answer the following question.

## Question No. 11

Did the parties below comply with their fiduciary duty to Hoang?

Because a relationship of trust and confidence existed between them, the party or parties owed Hoang a fiduciary duty. To prove they complied with their duty, the party or parties must show:

a) The business transaction was fair and equitable to Hoang;

b) The party or parties made reasonable use of the confidence that Hoang placed in them;

c) The party or parties acted in the utmost good faith and exercised the most scrupulous honesty toward Hoang;

d) The party or parties placed the interest of Hoang before their own, did not use the advantage of their position to gain any benefit for themselves at the expense of Hoang, and did not place themselves in any position where their self-interest might conflict with their obligations as a fiduciary; and

e) The party or parties fully and fairly disclosed all important information to Hoang concerning the business transaction.

Answer "Yes" or "No."

a) Phap V. Nguyen:     no

b) Andy Ngo:     no

c) Dung T. Vu:     no

Answer the following question for a party only if you unanimously answered "Yes" for that party in Question No. 11. Otherwise, do not answer the following question.

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

You must unanimously agree on the amount of any award of exemplary damages.

## Question No. 12

What sum of money, if any, if paid now in cash, should be assessed against the parties listed below and awarded to Hoang as exemplary damages, if any, for such party's conduct found in response to Question No. 11?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are –

1) The nature of the wrong.

2) The character of the conduct involved.

3) The degree of culpability of the parties.

4) The situation and sensibilities of the parties concerned.

5) The extent to which such conduct offends a public sense of justice and propriety.

6) The net worth of the parties.

Answer in dollars and cents, if any.

a) Phap V. Nguyen: $_____0_____

b) Andy Ngo: $_____0_____

c) Dung T. Vu: $_____0_____

## Question No. 13

Did the parties and Le create a partnership?

A "partnership" is an association of two or more persons to carry on a business for profit as owners, regardless of whether the persons intend to create a partnership or the association is called a "partnership," "joint venture," or other name.

Factors indicating that persons have created a partnership include the persons':

1) receipt or right to receive a share of profits of the business;

2) expression of an intent to be partners in the business;

3) participation or right to participate in control of the business;

4) agreement to share or sharing losses of the business or liability for claims by third parties against the business; and

5) agreement to contribute or contributing money or property to the business.

Answer "Yes" or "No."

a) Phap V. Nguyen: ___yes___

b) Andy Ngo: ___yes___

c) Dung T. Vu: ___yes___

If you answered "Yes" to Question No. 13, then answer the following question. Otherwise, do not answer the following question.

## Question No. 14

Did the any party listed below fail to comply with one or more of the following duties as to Le?

Duty of loyalty. A partner's duty of loyalty includes:

a) accounting to and holding for the partnership all property profit, or benefits derived by the partner in conducting and winding up the partnership business or from use by the partner of partnership property.

b) refraining from dealing with the partnership on behalf of a person who has an interest adverse to the partnership; and

c) refraining from competing or dealing with the partnership on behalf of a person who has an interest adverse to the partnership

Duty of care. A partner's duty of care to the partnership and the other partners is to act in the conducting and winding up of the partnership business with the care that an ordinary prudent person would exercise in similar circumstances. An error in judgment does not by itself constitute a breach of the duty of care.

Duty of utmost good faith, fairness and honesty. Partners owe a duty of utmost good faith, fairness, and honesty in dealings with each other on matters pertaining to the enterprise.

Duty to disclose. Partners owe each other a duty of full disclosure of all matters affecting the partnership.

Answer "Yes" or "No."

d) Phap V. Nguyen:    _Yes_

e) Andy Ngo:    _Yes_

f) Dung T. Vu:    _Yes_

If you answered "Yes" to any party in Question No. 14 then answer the following question. Otherwise, do not answer the following question.

## Question No. 15

What sum of money, if any, if paid now in cash would fairly and reasonably compensate Le for his damages, if any, that resulted from the party or parties' breach of duty?

Answer in dollars and cents, if any.

Answer: $ 132,418.26

## Question No. 16

Did a relationship of trust and confidence exist between the parties below and Le?

A relationship of trust and confidence existed if Le justifiably placed trust and confidence in any of the parties below to act in Hoang's best interest. Le's subjective trust and feelings alone do not justify transforming arm's-length dealings into a relationship of trust and confidence.

Answer "Yes" or "No."

      d)  Phap V. Nguyen:     __yes__

      e)  Andy Ngo:     __yes__

      f)  Dung T. Vu:     __yes__

If you answered "Yes" to Question No. 13 or Question No. 16, then answer the following question. Otherwise, do not answer the following question.

## Question No. 17

Did the parties below comply with their fiduciary duty to Le?

Because a relationship of trust and confidence existed between them, the party or parties owed Hoang a fiduciary duty. To prove they complied with their duty, the party or parties must show:

a) The business transaction was fair and equitable to Le;

b) The party or parties made reasonable use of the confidence that Le placed in them;

c) The party or parties acted in the utmost good faith and exercised the most scrupulous honesty toward Le;

d) The party or parties placed the interest of Le before their own, did not use the advantage of their position to gain any benefit for themselves at the expense of Le, and did not place themselves in any position where their self-interest might conflict with their obligations as a fiduciary; and

e) The party or parties fully and fairly disclosed all important information to Le concerning the business transaction.

Answer "Yes" or "No."

d) Phap V. Nguyen:     no

e) Andy Ngo:     no

f) Dung T. Vu:     no

Answer the following question for a party only if you unanimously answered ~~"Yes"~~ for that party in Question No. 17. Otherwise, do not answer the following question.

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

You must unanimously agree on the amount of any award of exemplary damages.

## Question No. 18

What sum of money, if any, if paid now in cash, should be assessed against the parties listed below and awarded to Le as exemplary damages, if any, for such party's conduct found in response to Question No. 17?

> "Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

> Factors to consider in awarding exemplary damages, if any, are –

> 1) The nature of the wrong.

> 2) The character of the conduct involved.

> 3) The degree of culpability of the parties.

> 4) The situation and sensibilities of the parties concerned.

> 5) The extent to which such conduct offends a public sense of justice and propriety.

> 6) The net worth of the parties.

Answer in dollars and cents, if any.

    a) Phap V. Nguyen:   $ _____0_____

    b) Andy Ngo:   $ _____0_____

    c) Dung T. Vu:   $ _____0_____

## A. Instructions For The Presiding Juror:

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

   1. have the complete charge read aloud if it will be helpful to your deliberations;

   2. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

   3. give written questions or comments to the bailiff who will give them to the judge;

   4. write down the answers you agree on;

   5. get the signatures for the verdict certificate; and

   6. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

## B. Instructions for Signing the Verdict Certificate:

1. You may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2. If 10 jurors agree on every answer, those 10 jurors sign the verdict.

   If 11 jurors agree on every answer, those 11 jurors sign the verdict.

   If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 [or 11] who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

_____

JUDGE PRESIDING

## NO. 2011-72719

| | | |
|---|---|---|
| MANH HOANG and | § | IN THE DISTRICT COURT |
| DUNG LE | § | |
| Plaintiffs | § | |
| vs. | § | |
| | § | |
| PHAP V. NGUYEN, ANDY NGO and | § | 55TH JUDICIAL DISTRICT |
| DUNG T. VU | § | |
| Defendants | § | HARRIS COUNTY, TEXAS |

## VERDICT CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict. Check one:

### Unanimous Verdict:

_____ Our verdict is unanimous. All 12 of us have agreed to each and every answer. The presiding juror has signed the certificate for all 12 of us.


_Alexis Rodriguez_                                    _Alexis Rodriguez_
Signature of Presiding Juror                    Printed Name of Presiding Juror


### Verdict Of Eleven:

_____ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.


### Verdict Of Ten:

__X__ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

| SIGNATURE | NAME PRINTED |
|---|---|
| 1. *Heidi Gillam* | Heidi Gillam |
| 2. *(signature)* | Michael Garcia |
| 3. *(signature)* | Maria Guardado |
| 4. *A. Penning* | Kathryn Alexis Pennington |
| 5. *Randy W Bryant* | RANDY W. BRYANT |
| 6. *Jeannie Gomez* | Jeannie Gomez |
| 7. *(signature)* | Sandra Bunton |
| 8. *Rudy Caldwell* | Rudy Caldwell |
| 9. *(signature)* | Ian Salbacka |
| 10. *Alexis Rodriguez* | Alexis Rodriguez |
| 11. | |